■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO PUMAREJO, Appellant. [635 NYS2d 290] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered October 5, 1993, convicting him of sexual abuse in the first degree and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was not adequately advised of the behavior underlying the fourth count of the indictment charging him with endangering the welfare of a child is unpreserved for appellate review (*see, People v Weldon,* 191 AD2d 662). In any event, the indictment, as supplemented by the bill of particulars, provided the defendant with sufficiently specific information as to the manner, time, and place of the crime charged (*see, People v Morris,* 61 NY2d 290; *People v Nichols,* 193 AD2d 764).

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of endangering the welfare of a child, based on the claim that the complainant's testimony was not corroborated, is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Santos,* 86 NY2d 869). In any event, corroboration is required only in sexual offense cases in which the victim is incapable of consent because of mental defect or incapacity, a situation which was not shown to exist here (*see, People v King,* 162 AD2d 473; *People v Jones,* 133 AD2d 972). Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit. Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.