■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURTIS J. BOTT, Appellant. [651 NYS2d 207] —Peters, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered May 25, 1995, upon a verdict convicting defendant of the crime of attempted rape in the first degree.

On September 18, 1993, Michele ZZ. (hereinafter the mother) took her 3-year-old daughter to spend the night at the home of her mother. The child's uncle, defendant, agreed to babysit for the child that evening. The following day, the mother took the child home and, after a bath, was told by her that she felt pain when she went to the bathroom. The mother examined the child and discovered that she was swollen and red in the vaginal area. When she asked her how it happened, the child answered, "Kurtis."

Concerned about the devastating effect that this disclosure would have upon her family, the mother never mentioned the alleged sexual assault during visits to the child's pediatrician either on September 27, 1993 or October 11, 1993. However, on October 23, 1993, the mother told the police of the incident and thereafter disclosed it to the pediatrician on her October 28, 1993 visit. The child was examined for injury on such date, yet no physical findings were made.

When defendant was brought in for questioning on November 2, 1993, he made a full oral and written confession. Defendant was thereafter convicted, following a jury trial, of attempted rape in the first degree and sentenced to an indeterminate term of imprisonment of 5 to 15 years. Defendant appeals.

Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see,* CPL 470.15; *People v Bleakley,* 69 NY2d 490, 495; *People v Carthrens,* 171 AD2d 387, 392). We further find no error in the admission of defendant's written confession into evidence. CPL 60.50 does not require corroboration of each and every detail of a confession or admission, but only " 'some proof, of whatever weight', that the offense charged has in fact been committed by someone" (*People v Booden,* 69 NY2d 185, 187, quoting *People v Daniels,* 37 NY2d 624, 629). While presence at the scene can, in and of itself, satisfy such requirement (*see, People v Lipsky,* 57 NY2d 560, 571), there was additional corroborative evidence presented by the victim's prompt outcry and her physical condition. Hence, there was a valid line of reasoning which could lead the jury to its conclusion of guilt based upon the trial evidence (*see, People v Bleakley, supra*).

Similarly unavailing is any contention of error relating to County Court's admission of the mother's testimony concerning statements by her child that it hurt to go to the bathroom, how she got the "boo-boo", and their exchange of, "Kurtis won't hurt me anymore, right Mommy? He won't hurt you anymore, honey." Following an offer of proof, we find County Court to have appropriately relied upon *People v McDaniel* (81 NY2d 10) to permit the testimony. We further find no abuse of discretion in the court's determination of defendant's *Sandoval* motion since it limited cross-examination to the "factual allegations" of certain convictions (*see generally, People v Williams,* 56 NY2d 236).

Finally, we find that County Court appropriately exercised its discretion to curtail exploration of collateral matters— allegations of sexual abuse that the child's mother had made against her former husband during divorce proceedings—when

it granted the People's motion *in limine*. "Although proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative" (*People v Stewart*, 188 AD2d 626, 627, *lv denied* 81 NY2d 977, *lv dismissed* 84 NY2d 1039; *see*, *People v Hudy*, 73 NY2d 40, 57; *People v Esposito*, 225 AD2d 928, 931, *lv denied* 88 NY2d 935).

As to all remaining contentions, including the challenge to the sentence imposed, we have reviewed them and found them to be lacking in merit.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.