■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE MILES, Also Known as WAYNE MILES, Also Known as FORREST MILES, Appellant. [654 NYS2d 57] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]; § 20.00), one count of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]; § 20.00), two counts of assault in the first degree (Penal Law § 120.10 [1], [4]; § 20.00), four counts of robbery in the first degree (Penal Law § 160.15 [1], [2]; § 20.00), two counts of robbery in the second degree (Penal Law § 160.10 [1]; § 20.00), one count of attempted unauthorized use of a vehicle in the first degree (Penal Law §§ 110.00, 165.08, 20.00), one count of criminal possession of a weapon in the second degree (Penal Law § 265.03), and one count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). The charges arise out of defendant's

participation in the murder of a patron and attempted murder of the owner of a delicatessen during a robbery at the delicatessen.

Upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The store owner identified defendant as the person who robbed him and ordered the accomplice to shoot him, and who shot and killed the owner's friend who was in the store during the robbery. We reject defendant's *pro se* contention that the indictment is fatally defective because the prosecutor failed to properly instruct the Grand Jury on the law. Defendant made a pretrial motion to inspect the Grand Jury minutes and to dismiss the indictment, which was denied. Following a conviction upon legally sufficient evidence, that issue is not reviewable (*see, People v Prezioso,* 199 AD2d 343, 344, *lv denied* 83 NY2d 857; *People v O'Connor,* 126 AD2d 676, *lv denied* 70 NY2d 715).

The People concede that defendant's conviction of felony assault in the first degree under Penal Law § 120.10 (4) must be dismissed as a lesser included offense of robbery in the first degree under Penal Law § 160.15 (1) (*see,* CPL 300.40 [3] [b]; *People v Coe,* 165 AD2d 721, 722-723, *lv denied* 76 NY2d 984; *People v Diaz,* 65 AD2d 929). Thus, we modify the judgment by reversing the conviction of assault in the first degree under count five of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment. The sentence otherwise is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J. Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.