■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT T. DUELL and GLENDA M. DUELL, Appellants. [698 NYS2d 87] —Yesawich Jr., J. Appeals from two judgments of the County Court of Essex County (Jung, J.), rendered January 7, 1997, upon a verdict convicting defendants of violating various provisions of ECL article 17.

Defendants were the owners and operators of an apartment building located in the Town of Minerva, Essex County. A tributary passing through an underground culvert on defendants' property flows into the Minerva Stream, a stream used for public recreation and accorded moderate to high-level environmental protection. Over a five-year period, an officer for the Department of Environmental Conservation made numerous visits to defendants' premises and discovered that defendants' sewage system as constructed was discharging raw sewage onto the surface of defendants' property and in close proximity to the stream. As a consequence of defendants' failure to repair the system or to acquire the proper permit for discharging sewage into a State waterway, defendants were convicted after a jury trial of the 164 counts of an indictment charging them with violations of ECL 17-0701 (1) (a) and (b); 17-0509 (2); 71-1933 (1), (4) and (5). Defendants were each subsequently sentenced to six months in jail, five years' probation and fined a total of $68,000, prompting this appeal.

Defendants' contention that reversal is warranted because of alleged inadequacies in the People's response to defendants' demand for a bill of particulars is unpersuasive given that their demand was untimely, having been made more than 30 days after their arraignment, and no excuse for the delay was proffered (see, CPL 200.95 [3]). And defendants' challenge to the indictment for vagueness is unavailing, for the indictment satisfied the statutory requirement of "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature * * * asserts facts supporting every element of the offense[s] charged" (CPL 200.50 [7] [a]). If defendants had a need for greater specificity as to the body of water which had been polluted, the "point source" of the pollution and like information, their remedy was a timely request for a bill of particulars (see, People v Weiss, 158 App Div 235, 238, affd 210 NY 546; see also, CPL 200.95 [3]).

While defendants would have us conclude that County Court's decision to allow the People to introduce as exhibits monthly calendars on which witnesses marked the dates they visited defendants' property and observed raw sewage on the ground was highly prejudicial, we disagree. The court acted

quite reasonably in view of the number of counts in the indictment, the time period over which the events transpired and defendants' failure to articulate in what manner the use of these calendars impeded their defense. Nor did County Court's formulation of the jury charge constitute reversible error. Defendants' appellate counsel suggests that the court's instruction that the jury's verdict on each count of the indictment must be the same as to each defendant—both must be found guilty or not guilty—created an impermissible conflict of interest and thereby rendered trial counsel's representation ineffective. The charge not having been objected to, a challenge to its propriety has not been preserved for our review (*see, People v Robinson*, 258 AD2d 817, 818, *lv denied* 93 NY2d 978). Moreover, as defendants' appellate counsel acknowledged, trial counsel's acquiescence in this jury charge constituted a trial strategy and the failure of such a tactic cannot give rise to a claim of ineffective assistance of counsel (*see, People v Quinones*, 256 AD2d 634, 635, *lv denied* 93 NY2d 878).

Though there is some merit to appellate counsel's argument concerning the effectiveness of certain aspects of trial counsel's representation, reversal is not mandated absent proof that defendants were actually prejudiced by these deficiencies (*see, People v Frascatore*, 200 AD2d 860, 861; *People v Sullivan*, 153 AD2d 223, 229, *lv denied* 75 NY2d 925). The evidence elicited disclosed that on numerous occasions, raw sewage was observed flowing from defendants' property "and going * * * into the stream", that they were repeatedly directed to remedy the situation but, rather than doing so, apparently attempted to conceal it. In light of this incontrovertibly overwhelming evidence of defendants' guilt, we cannot say, as urged by appellate counsel, that had trial counsel engaged in motion practice, made certain discovery demands or requested pretrial hearings, that the trial's outcome would have been any different (*see, People v Jackson*, 172 AD2d 874, *lv denied* 78 NY2d 923).

Defendants' contentions to the contrary notwithstanding, they have not established that County Court's denial of their request for an adjournment prior to sentencing was injudicious (*see, People v Cable*, 63 NY2d 270, 283) or furnished any compelling reason why their sentences, which are within the permissible statutory range, should be disturbed (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

We have considered defendants' remaining arguments and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgments are affirmed.