■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD COLF, Appellant. [730 NYS2d 749] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [former (a)]) and endangering the welfare of a child (three counts) (Penal Law § 260.10 [1]). Defendant contends that he was deprived of a fair trial and an adequate opportunity to present a defense due to the alleged lack of specificity in the indictment with respect to when he committed the alleged sexual conduct constituting the course of sexual conduct. We disagree. The text and legislative history of Penal Law § 130.80 (former [a]) make clear that it is a continuing crime to which the usual requirements of

specificity with respect to time do not pertain (*see generally, People v Shack,* 86 NY2d 529, 540-541). The purposes of an indictment, and in particular of the notice and specificity requirements set forth in CPL 200.50, are to provide the accused with fair notice of the nature of the charge against him so that he may prepare his defense, to ensure that the crime for which he is tried is in fact the crime with which he was charged, and to protect the accused's right not to be twice placed in jeopardy for the same conduct (*see, People v Shack, supra,* at 540; *People v Sanchez,* 84 NY2d 440, 445). Those notice purposes are served where, as here, the statute defines the crime as one that "by its nature may be committed either by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time" (*People v Keindl,* 68 NY2d 410, 421, *rearg denied* 69 NY2d 823; *see, People v Shack, supra,* at 540-541). Moreover, defendant's double jeopardy rights are automatically protected pursuant to Penal Law § 130.80 (former [b]), which provides, "A person [prosecuted under Penal Law § 130.80 (former [a])] may not be subsequently prosecuted for any other sexual offense involving the same victim unless the other charged offense occurred outside the time period charged under this section."

Contrary to defendant's contention, County Court properly permitted the nine-year-old victim to give unsworn testimony. The witness demonstrated sufficient intelligence and testimonial capacity to justify receipt of her unsworn testimony (*see,* CPL 60.20 [former (2)]; *People v Wacht,* 261 AD2d 932; *People v Bitting,* 224 AD2d 1012, 1013, *lv denied* 88 NY2d 845). Contrary to defendant's further contention, that witness's testimony was amply corroborated and did not violate the *Molineux* rule.

The verdict convicting defendant of course of sexual conduct with respect to the 10-year-old victim is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

The court did not abuse its discretion in making its *Sandoval* ruling. The facts underlying a youthful offender adjudication are a proper subject of inquiry (*see, People v Greer,* 42 NY2d 170, 176; *People v Lamb,* 149 AD2d 943; *People v Kyser,* 147 AD2d 590, *lv denied* 73 NY2d 1017). Moreover, "[c]ommission of * * * crimes or acts of individual dishonesty, or untrustworthiness (e.g., offenses involving theft * * * ) will usually have a very material relevance, whenever committed" (*People v Sandoval,* 34 NY2d 371, 377). Thus, the fact that over 10 years has elapsed since defendant's youthful offender adjudication does not preclude inquiry into the underlying

facts of that adjudication (*see, People v Tucker,* 165 AD2d 900, 901; *People v Yeaden,* 156 AD2d 208, *lv denied* 75 NY2d 872).

In view of defendant's extensive criminal record and lack of remorse, the court did not abuse its discretion in imposing a sentence of incarceration of six years on the conviction of course of sexual conduct. (Appeal from Judgment of Ontario County Court, Harvey, J.—Course of Sexual Conduct Against Child, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.