■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL McLOUD, Appellant. [737 NYS2d 216] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered August 25, 1999, convicting defendant after a nonjury trial of, inter alia, course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant's contention that the evidence is legally insufficient to support the conviction because the victim's testimony was not corroborated is unpreserved for our review (*see,* CPL 470.05 [2]; *see also, People v Pumarejo,* 222 AD2d 616). In any event, corroboration was not required where, as here, the 11-year-old victim gave sworn testimony (*see,* CPL 60.20 [3]; *People v Garcia,* 194 AD2d 554, 555, *lv denied* 82

NY2d 718), and she was not "incapable of consent [in this sexual offense case] because of mental defect or incapacity" (*People v Pumarejo, supra* at 616; *see,* Penal Law § 130.16).

We reject defendant's contentions that the indictment is defective and that defense counsel could not provide effective assistance because the time frame alleged in the indictment was not sufficiently specific. "The text and legislative history of [the crime of course of sexual conduct against a child] make clear that it is a continuing crime to which the usual require-, ments of specificity with respect to time do not pertain" (*People v Colf,* 286 AD2d 888, 888-889; *see generally, People v Shack,* 86 NY2d 529, 540-541). The period of two years alleged in the indictment was sufficient to give defendant adequate notice of the charges to enable him to prepare a defense, to ensure that the crimes for which he was tried were in fact the crimes with which he was charged, and "to protect [his] right not to be twice placed in jeopardy for the same conduct" (*People v Colf, supra* at 889; *see, People v Keindl,* 68 NY2d 410, 421-422, *rearg denied* 69 NY2d 823; *see also, People v Shack, supra* at 540).

Defendant concedes that County Court lacked authority to order the People to disclose *Rosario* material before the time provided for by statute (*see, Matter of Catterson v Rohl,* 202 AD2d 420, 422-423, *lv denied* 83 NY2d 755; *see also, Matter of Pirro v LaCava,* 230 AD2d 909, 910, *lv denied* 89 NY2d 813), but nevertheless contends that defense counsel was unable to provide effective assistance because he was denied early access to *Rosario* material. We reject that contention. In addition, defendant contends that defense counsel was unable to provide effective assistance because he was denied access to Family Court records. Defendant's statement of intent to seek access to Family Court records in the future did not constitute a request to review those records, and thus defendant's contention concerning access to them is not preserved for our review (*see,* CPL 470.05 [2]; *see, e.g., People v Williams,* 286 AD2d 620; *People v South,* 233 AD2d 910, *lv denied* 89 NY2d 989). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Scudder, Kehoe, Burns and Gorski, JJ.