■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVROL PALMER, Appellant. [778 NYS2d 144]—

Judgment, Supreme Court, Bronx County (Ira R. Globerman, J., on motions; Caesar D. Cirigliano, J., at jury trial and sentence), rendered August 8, 2001, convicting defendant of course of sexual conduct against a child in the first degree, and sentencing him to a term of 17 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility and its resolution of conflicts in expert testimony. The child provided a detailed and convincing account which was corroborated by other evidence, including medical evidence.

The indictment was sufficiently specific. Although the indictment, even as augmented by the People's bill of particulars, did not specify the dates, times or locations of any specific acts, the crime of course of sexual conduct against a child is a continuing crime, to which the usual requirements of specificity do not apply (*People v McLoud*, 291 AD2d 867 [2002], *lv denied* 98 NY2d 678 [2002]; *People v Colf*, 286 AD2d 888, 888-889 [2001], *lv denied* 97 NY2d 655 [2001]). The 3½-year period covered by the indictment, during which the acts allegedly occurred on a regular basis, was reasonable under all the circumstances (*see People v Keindl*, 68 NY2d 410, 421-422 [1986]; *People v Latouche*, 303 AD2d 246 [2003], *lv denied* 100 NY2d 595 [2003]).

Since defendant did not object to going to trial without hav-

ing received a court-ordered supplemental bill of particulars, he waived his right to a stay of the trial pursuant to CPL 200.95 (*compare People v Gely*, 55 AD2d 626 [1976], *with People v Zvonik*, 40 AD2d 840 [1972]). In any event, defendant was not prejudiced because he received adequate notice of the charges by way of the indictment, along with the bill of particulars and discovery materials provided by the People and their response to defendant's omnibus motion.

Defendant's ineffective assistance of counsel claim would require a motion to vacate judgment because it turns on matters outside the record, including counsel's strategy (*see People v Love*, 57 NY2d 998 [1982]). To the extent the trial record permits review of this claim, it establishes that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's request for additional time to submit a reply brief is denied.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.