THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD GREEN, Appellant. [793 NYS2d 790]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered November 17, 2003. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a]). Because defendant was charged with a course of conduct crime, the usual requirements of specificity with respect to time do not apply (*see People v Colf*, 286 AD2d 888, 888-889 [2001], *lv denied* 97 NY2d 655 [2001]), and the 36-month time period covered by the indictment is reasonable (*see People v Palmer*, 7 AD3d 472 [2004], *lv denied* 3 NY3d 710 [2004]). The indictment is not duplicitous (*see People v Chilson*, 285 AD2d 733, 734 [2001], *lv denied* 97 NY2d 640, 752 [2001]). County Court properly exercised its discretion in precluding certain collateral evidence because it was too remote (*see People v Bott*, 234 AD2d 625, 626-627 [1996], *lv denied* 89 NY2d 1009 [1997]). Defendant's contention that the indictment is fatally defective because it failed to allege that defendant was not married to the victim is not preserved for our review (*see* CPL 470.05 [2]). In any event, because the indictment specifically refers to the applicable section of the Penal Law, the indictment is not jurisdictionally defective (*see People v Shanley*, 15 AD3d 921 [2005]). Although defendant moved to dismiss the indictment as defective, thereby preserving for our review the issue of the legal sufficiency of the evidence before the grand jury, "[f]ollowing a conviction upon legally sufficient evidence, that issue is not reviewable" (*People v Miles*, 236 AD2d 786, 787 [1997], *lv denied* 90 NY2d 861 [1997]). In any event, the prosecutor properly defined the alleged crime to the grand jury, including the affirmative defense set forth in Penal Law § 130.10 (4), and the evidence before the grand jury established a prima facie case with respect to the alleged crime (*see generally People v Smalls*, 16 AD3d 1154 [2005]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.