■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. MERRILL, Appellant. [864 NYS2d 653]—

Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered February 22, 2007. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, criminal sexual act in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and criminal sexual act in the first degree (§ 130.50 [3]). Defendant contends that count two of the indictment, charging criminal sexual act, should be dismissed pursuant to Penal Law § 130.75 (2) because the alleged act occurred within the same time period covered by count one of the indictment, charging course of sexual conduct against a child. Defendant failed to preserve that contention for our review (see CPL 470.05 [2]) and, in any event, we conclude under the circumstances of this case that dismissal of count two is not required. Defendant is correct that the indictment on its face was in violation of Penal Law § 130.75 (2), inasmuch as count one alleged that the acts in question occurred on or about September 2004 through June 2006 and count two alleged that the act in question occurred on or about June 24 or June 25, 2006. The violation was rectified by County Court's charge, however, because the court instructed the jury that the time period for count one was from September 2004 through June 23, 2006 and that it could not consider any acts that allegedly occurred on June 24 or June 25, 2006 in determining whether defendant was guilty under count one.

We reject the further contention of defendant that count one lacked specificity and that the 22-month time period set forth for the alleged conduct was overly broad. Where a defendant is charged with a continuing offense such as course of sexual conduct against a child, "the usual requirements of specificity with respect to time do not apply" (*People v Green,* 17 AD3d 1076, 1077 [2005], *lv denied* 5 NY3d 789 [2005]; *see People v McLoud,* 291 AD2d 867 [2002], *lv denied* 98 NY2d 678 [2002]; *People v Colf,* 286 AD2d 888, 888-889 [2001], *lv denied* 97 NY2d 655 [2001]). Contrary to the contention of defendant, the court properly precluded him from cross-examining a witness with respect to a prior inconsistent statement made by the victim, inasmuch as defendant failed to lay the proper foundation for the proposed testimony (*see People v Nicholson,* 269 AD2d 868 [2000], *lv denied* 95 NY2d 907 [2000]; *see generally People v Wise,* 46 NY2d 321, 326 [1978]). Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.