■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NOOR MUHINA, Respondent. [885 NYS2d 809]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered February 24, 2009. The order granted that part of the omnibus motion of defendant to dismiss the indictment as facially defective.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, that part of the motion to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.

Memorandum: On this appeal by the People from an order granting that part of defendant's omnibus motion to dismiss the indictment as facially defective, we conclude that reversal is required on the ground that County Court erred in determining that the time frame alleged for the crimes was unreasonably excessive. An essential function of an indictment is "to provide the defendant with sufficient information regarding the nature of the charge and the conduct which underlies the accusation to allow him or her to prepare or conduct a defense" (*People v Morris*, 61 NY2d 290, 293 [1984]; *see* CPL 200.50 [7] [a]). "The notice requirement . . . is met if[,] in addition to stating the elements of the [crimes], 'the indictment contains such description of the [crimes] charged as will enable [defendant] to make

his [or her] defense and to plead the judgment in bar of any further prosecution for the same crime[s]' " (*Morris*, 61 NY2d at 295). An indictment should not be dismissed as defective under CPL 200.50 if it provides "a reasonable approximation, under the circumstances of the individual case, of the date or dates involved" (*Morris*, 61 NY2d at 292).

Here, defendant was charged with predatory sexual assault against a child (Penal Law § 130.96), course of sexual conduct against a child in the first degree (§ 130.75 [1] [a]), and endangering the welfare of a child (§ 260.10 [1]), each of which is a continuing offense to which "the usual requirements of specificity with respect to time do not apply" (*People v Green*, 17 AD3d 1076, 1077 [2005], *lv denied* 5 NY3d 789 [2005]; *see People v Keindl*, 68 NY2d 410, 421 [1986], *rearg denied* 69 NY2d 823 [1987]; *People v Palmer*, 7 AD3d 472 [2004], *lv denied* 3 NY3d 710 [2004]; *People v McLoud*, 291 AD2d 867, 868 [2002], *lv denied* 98 NY2d 678 [2002]; *People v Colf*, 286 AD2d 888, 888-889 [2001], *lv denied* 97 NY2d 655 [2001]). "The period of two years alleged in the indictment was sufficient to give defendant adequate notice of the charges to enable him to prepare a defense, to ensure that the crimes for which he was tried were in fact the crimes with which he was charged, and 'to protect [his] right not to be twice placed in jeopardy for the same conduct' " (*McLoud*, 291 AD2d at 868; *see generally People v Merrill*, 55 AD3d 1333 [2008], *lv denied* 11 NY3d 928 [2009]; *Green*, 17 AD3d at 1077; *Palmer*, 7 AD3d 472 [2004]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.