■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH VANLARE, Appellant. [910 NYS2d 328]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered March 31, 2009. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (two counts), course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, two counts of rape in the first

degree (Penal Law § 130.35 [3]) and one count of course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]), defendant contends that County Court erred in refusing to dismiss the two counts of rape pursuant to Penal Law § 130.75 (2). We reject that contention. Pursuant to section 130.75 (2), "[a] person may not be *subsequently* prosecuted for any other sexual offense involving the same victim unless the other charged offense occurred outside the time period charged under [that] section" (emphasis added). The purpose of that section is to protect defendants from subsequent prosecutions that would violate the prohibition against double jeopardy (*see* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 130.00). Furthermore, Penal Law § 70.25 (2-e) provides that "[w]henever a person is convicted of course of sexual conduct against a child in the first degree as defined in section 130.75 . . . and any other crime under article [130] committed against the same child and within the period charged under section 130.75 . . . , the sentences must run concurrently." To interpret section 130.75 (2) as prohibiting contemporaneously charged sexual offenses would render meaningless the word "subsequently," as well as section 70.25 (2-e). "It is an accepted rule that all parts of a statute are intended to be given effect and that a statutory construction [that] renders one part meaningless should be avoided" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 515 [1991]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 98). To the extent that our decision in *People v Merrill* (55 AD3d 1333 [2008], *lv denied* 11 NY3d 928 [2009]) stated that an indictment violated Penal Law § 130.75 (2) where it charged course of sexual conduct against a child in the first degree, as well as a sexual offense that had occurred during the same time period, we disavow that statement.

Defendant failed to preserve for our review his further contention that he was denied a fair trial based on the statement of a witness, elicited by defense counsel on cross-examination, that most children tell the truth concerning sexual abuse (*see generally People v Giles*, 47 AD3d 88, 97 [2007], *mod on other grounds* 11 NY3d 495 [2008]; *People v Morales*, 246 AD2d 396 [1998], *lv denied* 91 NY2d 943 [1998]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's contention, the court properly admitted expert testimony concerning Child Sexual Abuse Accommodation Syndrome (*see People v Hernandez*, 71 AD3d 1501 [2010]; *People v Martinez*, 68 AD3d 1757 [2009], *lv denied* 14 NY3d 803 [2010]; *People v Gunther*, 67 AD3d 1477 [2009]).

Defendant further contends that the verdict is against the

weight of the evidence because the testimony of the victim was not credible. We reject that contention. Generally, "[w]e accord great deference to the resolution of credibility issues by the trier of fact 'because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record' " (*People v Ange*, 37 AD3d 1143, 1144 [2007], *lv denied* 9 NY3d 839 [2007], quoting *People v Lane*, 7 NY3d 888, 890 [2006]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Indeed, we note that the victim's testimony was corroborated by an eyewitness to the sexual abuse (*see generally People v Bassett*, 55 AD3d 1434, 1435-1436 [2008], *lv denied* 11 NY3d 922 [2009]). Contrary to the contention of defendant, the verdict with respect to the second count of the indictment, charging him with rape in the first degree, is not against the weight of the evidence based on the victim's alleged failure to testify that there was an act of penetration. Immediately after giving a detailed account of the rape incident upon which the first count of the indictment was based, the victim testified that the "same thing" happened the next day. "While it is clear that [such] testimony does not directly support each and every element of rape in the [first] degree, it is logical to conclude that the jury interpreted the victim's testimony to mean that defendant had raped her in the precise manner described only moments earlier" (*People v Butler*, 273 AD2d 613, 615 [2000], *lv denied* 95 NY2d 933 [2000]).

Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Sconiers, Pine and Gorski, JJ.