■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS V. DEVANE, Appellant. [911 NYS2d 552]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered February 23, 2009. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree (two counts), endangering the welfare of a child (three counts), and course of sexual conduct against a child in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of, inter alia, two counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), defendant contends that the evidence is legally insuf-

ficient to support the conviction. Defendant failed to preserve that contention for our review because his motion for a trial order of dismissal was not specifically directed at the issue raised on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant also failed to preserve for our review his contention that his responses to the police investigator's questions constituted inadmissible prearrest silence and, in any event, that contention lacks merit (*see People v Solomon*, 73 AD3d 1440, 1442 [2010]).

Contrary to the further contention of defendant, County Court properly denied that part of his omnibus motion seeking an order directing the People to provide more specific dates and time periods with respect to the charges. "[C]ourse of sexual conduct against a child in the first degree . . . is a continuing offense to which 'the usual requirements of specificity with respect to time do not apply' " (*People v Muhina*, 66 AD3d 1397, 1398 [2009], *lv denied* 13 NY3d 909 [2009]; *see People v Green*, 17 AD3d 1076 [2005], *lv denied* 5 NY3d 789 [2005]; *People v Palmer*, 7 AD3d 472 [2004], *lv denied* 3 NY3d 710 [2004]). "The period[s] . . . alleged in the indictment [were] sufficient to give defendant adequate notice of the charges to enable him to prepare a defense, to ensure that the crimes for which he was tried were in fact the crimes with which he was charged, and 'to protect [his] right not to be twice placed in jeopardy for the same conduct' " (*People v McLoud*, 291 AD2d 867, 868 [2002], *lv denied* 98 NY2d 678 [2002]; *see generally* CPL 200.50 [7] [a]; *People v Morris*, 61 NY2d 290, 293-294 [1984]). Finally, we note that, "[i]f defendant[ ] had a need for greater specificity [with respect to the dates of the offenses, his] remedy was a timely request for a bill of particulars" (*People v Duell*, 266 AD2d 649 [1999], *lv denied* 94 NY2d 918 [2000]). Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.