SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**955**

**KA 11-01128**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHERRI ERRINGTON, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF
COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

        Appeal from a judgment of the Wyoming County Court (Michael F.
Griffith, J.), rendered February 22, 2011.  The judgment convicted
defendant, upon a jury verdict, of course of sexual conduct against a
child in the first degree (two counts), and sexual abuse in the first
degree.

        It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

        Memorandum:  On appeal from a judgment convicting her following a
jury trial of sexual abuse in the first degree (Penal Law § 130.65
[3]) and two counts of course of sexual conduct against a child in the
first degree (§ 130.75 [1] [a], [b]), defendant contends that County
Court should have dismissed counts one and two of the indictment on
the ground that the time periods alleged therein were unreasonably
broad, thereby depriving her of adequate notice of the charges against
her. We reject that contention.  Count one alleged that defendant
engaged in a course of sexual conduct against a child between April
10, 1998 and April 9, 2003, a period of five years, when the victim
was between 6 years old and 10 years old.  Count two alleged that
defendant engaged in a course of sexual conduct against that same
child between April 10, 2003 and April 9, 2005, when the victim was 11
years old and 12 years old.  Where, as here, the crime charged in the
indictment is a continuing offense, "the usual requirements of
specificity with respect to time do not apply" (*People v Green*, 17
AD3d 1076, 1077, *lv denied* 5 NY3d 789; *see People v Palmer*, 7 AD3d
472, 472, *lv denied* 3 NY3d 710), and time periods more broad than
those alleged in the instant indictment have been deemed specific
enough to satisfy the requirements of due process (*see People v Gross*,
79 AD3d 1652, 1652, *lv denied* 16 NY3d 895; *People v Devane*, 78 AD3d
1586, 1587, *lv denied* 16 NY3d 858; *People v Furlong*, 4 AD3d 839, 841,
*lv denied* 2 NY3d 739; *People v Latouche*, 303 AD2d 246, 246, *lv denied*

100 NY2d 595).  Considering that the charged crimes occurred when the victim was as young as 6 years old, and that the victim was 17 years old at the time of trial, we conclude that the time periods alleged in counts one and two were not "so excessive that, on its face, [they are] unreasonable and dismissal should follow" (*People v Morris*, 61 NY2d 290, 295; *see People v Keindl*, 68 NY2d 410, 421-422*, rearg denied* 69 NY2d 823).

To the extent that defendant contends that counts one and two of the indictment are facially duplicitous, she failed to preserve that contention for our review (*see People v Johnson*, 83 AD3d 1094, 1095, *lv denied* 17 NY3d 818; CPL 470.05 [2]).  In any event, the contention lacks merit because the rule against duplicitous counts of an indictment "does not apply to continuing crimes, such as course of sexual conduct against a child and endangering the welfare of a child, which by their nature occur over a period of time" (*People v Dalton*, 27 AD3d 779, 781, *lv denied* 7 NY3d 754, *reconsideration denied* 7 NY3d 811; *see generally People v First Meridian Planning Corp.*, 86 NY2d 608, 615-616; *Keindl*, 68 NY2d at 417-418).

Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621), we reject defendant's further contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).  The victim in the counts charging course of sexual conduct against a child testified that she was raped and sexually abused for many years by her father, defendant's husband, and that defendant at times participated in the abuse.  According to the victim, defendant performed oral sex upon her at least twice over a period of time not less than three months in duration when she was between the ages of 6 years old and 10 years old, and at least twice more over a period of not less than three months when she was 11 years old and 12 years old.  That testimony, accepted as true, establishes the elements of course of sexual conduct against a child in the first degree as charged under counts one and two of the indictment. Although it is true, as defendant points out, that the victim's testimony was quite general as to when the specific acts of abuse took place, we conclude that such is to be expected considering the age of the victim when she was abused.  The victim's testimony presented "a credibility issue for the jury to resolve" (*People v Reynolds*, 81 AD3d 1166, 1167, *lv denied* 16 NY3d 898; *see People v Gathers*, 47 AD3d 959, 960-961, *lv denied* 10 NY3d 863), and it cannot be said that her testimony was incredible as a matter of law, i.e., " 'impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Garafolo*, 44 AD2d 86, 88; *see People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967).  We note that defendant admitted to the police that she engaged in oral sexual conduct with the victim on five occasions. Although defendant asserted that she was forced to engage in such conduct by her husband, she never reported the abuse to the police, and the jury was free to reject her claim that she acted under duress.

We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal.