# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

665
KA 12-00688
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

GLENN E. SIMS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

GLENN E. SIMS, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 21, 2012. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]). We agree with defendant that the waiver of the right to appeal is invalid inasmuch as the purported waiver was obtained at sentencing, and there is no indication that Supreme Court obtained a knowing and voluntary waiver of that right at the time of the plea (see *People v Pieper*, 104 AD3d 1225, 1225). We nevertheless reject defendant's contention that the sentence is unduly harsh or severe.

Defendant's contention in his pro se supplemental brief that the indictment was defective for failing to give sufficient specificity with respect to the time frames for the alleged crimes is waived by his plea of guilty (see CPL 200.50 [7] [a]; *People v Young*, 100 AD3d 1186, 1187-1188, *lv denied* 21 NY3d 1021; *People v Riley*, 267 AD2d 1072, 1073; *cf. People v Iannone*, 45 NY2d 589, 600). In any event, "[w]here, as here, [a] crime charged in the indictment is a continuing offense, 'the usual requirements of specificity with respect to time do not apply' " (*People v Errington*, 121 AD3d 1553, 1554), and we conclude that the time frames recited in the indictment were specific enough to satisfy the requirements of due process (see *id.*; *People v Muhina*, 66 AD3d 1397, 1398, *lv denied* 13 NY3d 909). Defendant's

further contention in his pro se supplemental brief that he was denied effective assistance of counsel is also without merit.  Defendant made " 'no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that [he] entered the plea because of his attorney[']s allegedly poor performance' " (*People v Granger*, 96 AD3d 1669, 1670, *lv denied* 19 NY3d 1102; *see People v Gerald*, 103 AD3d 1249, 1250-1251).  Finally, we reject defendant's contention in his pro se supplemental brief that the court erred in failing to listen to his statements in recorded phone calls before issuing its decision after the *Huntley* hearing.  Inasmuch as there was no showing that the content of defendant's statements was relevant to the issue of voluntariness, there was no error (*see People v Rutley*, 57 AD3d 1497, 1497, *lv denied* 12 NY3d 821).

Entered:  June 12, 2015

Frances E. Cafarell
Clerk of the Court