# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**643**

**KA 13-02191**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

JAMES D. BRADBERRY, DEFENDANT-APPELLANT.

---

KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered September 8, 2011. The judgment convicted defendant, upon a nonjury verdict, of course of sexual conduct against a child in the first degree (two counts) and incest in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of two counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75) as a lesser included offense of predatory sexual assault against a child (§ 130.96) and one count of incest in the second degree (§ 255.26). We reject defendant's contention that Supreme Court erred in refusing to dismiss the indictment based on its lack of specificity with respect to the time frames alleged in the two counts of predatory sexual assault against a child. It is well settled that the crime of predatory sexual assault against a child "is a continuing offense to which 'the usual requirements of specificity with respect to time do not apply' " (*People v Muhina*, 66 AD3d 1397, 1398, *lv denied* 13 NY3d 909; *see People v Colf*, 286 AD2d 888, 888-889, *lv denied* 97 NY2d 655). Here, the time periods of 7.5 months and one year alleged in the indictment were "sufficient to give defendant adequate notice of the charges to enable him to prepare a defense, to ensure that the crimes for which he was tried were in fact the crimes with which he was charged, and 'to protect [his] right not to be twice placed in jeopardy for the same conduct' " (*People v McLoud*, 291 AD2d 867, 868, *lv denied* 98 NY2d 678).

We reject defendant's further contention that the court erred in refusing to suppress statements that he made during a police-monitored telephone conversation with the victim. There is no merit to his

contention that the statements were admitted in violation of CPLR 4506
(1).  It is well established that one of the parties to a telephone
conversation may consent to the wiretapping or recording of the
conversation (*see People v Phillips*, 55 AD2d 661, 661, *lv denied* 41
NY2d 868, citing *United States v White*, 401 US 745, *reh denied* 402 US
990; *cf. Pica v Pica*, 70 AD2d 931, 931-932), and here the victim gave
her consent.  Defendant failed to preserve for our review his
contention that the victim, as a minor, could not consent to the
recording of her own conversations (*see generally People v Furlong*, 4
AD3d 839, 840, *lv denied* 2 NY3d 739).  We note in any event that the
victim's mother consented to the recording, and we conclude that the
"vicarious consent" exemption applies under the circumstances
presented such that the admission of the subject recording was not
barred by CPLR 4506 (*see People v Badalamenti*, 124 AD3d 672, 674, *lv
granted* 25 NY3d 949; *People v Hills*, 176 AD2d 375, 375; *People v
Bastian*, 125 AD2d 909, 909-910, *lv denied* 69 NY2d 824).  Also contrary
to defendant's contention, his statements in the controlled telephone
call were not inadmissible pursuant to CPL 60.45.  Even assuming,
arguendo, that the victim was acting as an agent of the police when
she telephoned defendant, the calls were recorded with the victim's
consent (*see People v Taplin*, 1 AD3d 1044, 1045, *lv denied* 1 NY3d
635), and "the victim did not make a threat that would create a
substantial risk that defendant might falsely incriminate himself"
(*People v Stroman*, 286 AD2d 974, 975, *lv denied* 97 NY2d 688; *see
Taplin*, 1 AD3d at 1045).  We reject defendant's further contention
that the controlled telephone call constituted an unconstitutionally
deceptive police tactic.  "Deceptive police stratagems in securing a
statement 'need not result in involuntariness without some showing
that the deception was so fundamentally unfair as to deny due process
or that a promise or threat was made that could induce a false
confession' " (*People v Dishaw*, 30 AD3d 689, 690, *lv denied* 7 NY3d
787, quoting *People v Tarsia*, 50 NY2d 1, 11), and there was no such
showing here.

     We reject defendant's further contention that the court erred in
permitting the prosecutor to elicit testimony concerning the fact that
defendant was incarcerated at a particular point in time.  Such
evidence was inextricably interwoven with and provided a relevant
temporal reference for one of the crimes charged in the indictment
(*see People v Vails*, 43 NY2d 364, 368; *People v Gantz*, 104 AD2d 692,
692-693).

     Contrary to defendant's contention, we conclude that the
conviction is supported by legally sufficient evidence (*see generally
People v Bleakley*, 69 NY2d 490, 495; *People v Lashway*, 112 AD3d 1222,
1224-1225).  We reject defendant's further contention that his
conviction of incest was in violation of Penal Law § 130.75 (2), which
provides that "[a] person may not be subsequently prosecuted for any
other sexual offense involving the same victim unless the other
charged offense occurred outside the time period charged under this
section."  The statute prohibits only a "subsequent" prosecution and
not, as here, a simultaneous prosecution (*see People v Vanlare*, 77
AD3d 1313, 1313-1314, *lv denied* 15 NY3d 956; *see also People v Harris*,

32 Misc 3d 479, 489-490, *affd* 98 AD3d 420).

Finally, contrary to defendant's contention, the court properly allowed the People's expert to testify regarding child sexual abuse accommodation syndrome and delayed disclosure of sexual abuse (*see People v Williams*, 20 NY3d 579, 583-584; *People v Black*, 124 AD3d 1365, 1366-1367).

Entered: August 19, 2015                          Frances E. Cafarell
                                                  Clerk of the Court