■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT S. WOLF, Appellant. [58 NYS3d 209]—

Lynch, J. Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered September 4, 2013, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child.

Defendant was charged by indictment with the crimes of course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child, stemming from allegations that he engaged in sexual contact with the victim (born in 1998) on a number of occasions in 2008 and 2009. A jury trial scheduled to begin in June 2013 terminated in a mistrial after defendant failed to serve a timely notice of alibi. County Court permitted defendant to file a late notice of alibi, a second trial commenced in August 2013 and a jury convicted defendant of all counts charged. The court sentenced defendant to a prison term of 17½ years on each conviction of course of sexual conduct against a child in the first degree, to run concurrently to one another, and a jail term of one year for the conviction of endangering the welfare of a child, with that term being merged into the other sentences. Defendant now appeals.

Defendant argues that the indictment was not sufficiently specific with respect to the course of sexual conduct counts. As relevant here, an indictment must contain "[a] statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time" (CPL 200.50 [6]). "[T]he requirements for a valid indictment will vary with the particular crime involved, and what is sufficient to charge [one crime] would be insufficient with respect to many other crimes" (*People v Morris*, 61 NY2d

290, 294 [1984] [internal quotation marks and citation omitted]). " 'An indictment will not be dismissed as defective under CPL 200.50 with respect to the time period alleged for the commission of a crime, if it or, in some instances, the bill of particulars provides a reasonable approximation, under the circumstances of the individual case, of the date or dates involved' " (*People v LaPage*, 53 AD3d 693, 694-695 [2008], quoting *People v Morris*, 61 NY2d at 292).

Since the crimes charged here are continuing offenses (*see People v Muhina*, 66 AD3d 1397, 1398 [2009], *lv denied* 13 NY3d 909 [2009]), the notice requirements of CPL 200.50 "are relaxed" (*People v Johnson*, 24 AD3d 967, 968 [2005], *lv denied* 6 NY3d 814 [2006]; *see People v Colf*, 286 AD2d 888, 888-889 [2001], *lv denied* 97 NY2d 655 [2001]). The indictment alleges that defendant engaged in two or more types of sexual conduct with the victim, who was less than 11 years old, during two separate periods—from September 2008 through January 2009 and from April 2009 through August 2009. By definition, counts 1 and 2 of the indictment required that the conduct occur "over a period of time not less than three months in duration" (Penal Law § 130.75 [1]; *see People v Skeen*, 139 AD3d 1179, 1180 [2016], *lv denied* 27 NY3d 1155 [2016]). Although the victim did not testify as to the exact dates that the sexual contact occurred, she did recall when the conduct first began and that it continued to happen on Sundays every other weekend, that it stopped for a period of time and then began again on a regular basis during the week. Under the circumstances presented, the time period set forth in the indictment was sufficient to allow defendant to prepare a defense and, if necessary, to permit him to raise the double jeopardy defense (*see People v Morris*, 61 NY2d at 296-297; *People v Muhina*, 66 AD3d at 1398; *People v Johnson*, 24 AD3d at 968).

Next, defendant claims that he was deprived of the effective assistance of counsel. Such a claim must be supported with proof "that his attorney failed to provide meaningful representation" and that there was no "strategic or other legitimate explanations for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; *see People v Bullock*, 145 AD3d 1104, 1106 [2016]). In assessing such a claim, we must determine, without the benefit of hindsight (*see People v Benevento*, 91 NY2d 708, 712 [1998]), whether "the evidence, the law, and the circumstances of [the] particular case, viewed in totality . . . , reveal that the attorney provided meaningful representation" (*People v Oathout*, 21 NY3d 127, 128 [2013] [internal quotation marks

and citations omitted]). Further, we must evaluate "whether the tactics and strategies were consistent with those of a reasonably competent attorney. The test is reasonable competence, not perfect representation" (*id.* [internal quotation marks and citations omitted]). In support of his claim, defendant cites, among other things, defense counsel's failure to serve a timely notice of alibi, failure to qualify his witness as an expert, troubling statements during the course of the trial, unsuccessful attempts to impeach the victim through other witnesses and attempts to introduce an order of protection issued against defendant in favor of the victim and to introduce the victim's medical records.

Of the myriad complaints raised by defendant, the most compelling is trial counsel's statement during his cross-examination of the People's expert clinical and forensic psychologist that he was "a half-step off all day yesterday [and] . . . three-quarters of a step off today." This statement was made after he attempted, without success, to elicit medical evidence from the witness. Defense counsel abandoned the line of questioning and continued the cross-examination and defendant did not raise any concerns about defense counsel's performance. That afternoon, County Court, recalling the statement, duly inquired in defendant's presence whether trial counsel had any condition that "in any way impacted [his] ability to provide appropriate representation to . . . [d]efendant." Trial counsel explained that he was merely trying to explain why he was "not . . . able to get the words that [he] need[ed] . . . and not able to answer as quickly" and assured the court and the People that there was nothing "wrong with [him]." In context, we find that defense counsel's statement was concerning, but the record does not reflect that he lacked capacity.

Next, we are mindful that, in certain circumstances, the failure to file a timely notice of alibi may constitute ineffective assistance (*see People v Milazo*, 18 AD3d 1068, 1070 [2005]). Here, however, after trial counsel argued that the indictment did not provide adequate notice, County Court allowed defendant to file a notice of alibi after the mistrial and counsel was able to elicit testimony from defendant's sister to establish that he was out of the home for certain periods. When we consider the circumstances of this case—particularly the victim's testimony that the conduct was continuous—we are unable to conclude that any errors with regard to defendant's alibi defense deprived defendant of meaningful representation (*see People v Djanie*, 31 AD3d 887, 888 [2006], *lv denied* 7 NY3d 866 [2006]).

As for defendant's remaining complaints with regard to

defense counsel's performance, we are unable to conclude that defense counsel committed any "egregious and prejudicial error such that defendant did not receive a fair trial" (*People v Oathout*, 21 NY3d at 131 [internal quotation marks and citation omitted]). Counsel's initial failure to qualify a witness was harmless because it was corrected, counsel did attempt to impeach the witness with regard to prior inconsistent statements and, although it is not clear why defense counsel attempted to introduce purportedly damaging records, it is apparent that the records were never introduced. As a whole, the record reveals that, in the face of the People's case, supported by the victim's testimony, defense counsel attempted to cast doubt on the victim's credibility by making appropriate pretrial motions, raised objections that successfully limited certain testimony during the trial, effectively cross-examined the People's witnesses, presented expert testimony on defendant's behalf and gave comprehensive and organized opening and closing statements. In sum, although our review of the totality of the record may reveal that errors were made, it is not apparent that any errors were prejudicial, and we find that defendant received meaningful representation (*see People v Perry*, 148 AD3d 1224, 1226 [2017]; *People v Fiorino*, 130 AD3d 1376, 1381 [2015], *lv denied* 26 NY3d 1087 [2015]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.