People v Martinez (2019 NY Slip Op 01358)





People v Martinez


2019 NY Slip Op 01358


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


2045/11 8510A 3098/12 8510

[*1] The People of the State of New York, Respondent,
v
Francisco Martinez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at pretrial motions; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered May 13, 2016, as amended May 17, 2016 and July 11, 2016, convicting defendant of stalking in the first degree (two counts), rape in the third degree, stalking in the second degree and menacing in the second degree, and sentencing him to an aggregate term of five to seven years, and judgment, same court (Michael J. Obus, J.), rendered June 16, 2016, convicting defendant, upon his plea of guilty, of bail jumping in the second degree, and sentencing him to a consecutive term of one to three years, unanimously affirmed.
The stalking and menacing statutes under which defendant was convicted are not unconstitutionally vague as applied to him (see People v Stuart, 100 NY2d 412, 425-429 [2003]; People v Foley, 94 NY2d 668, 681 [2000]). Defendant asserts that the core requirement of the statutes at issue, that he intentionally engaged in a course of conduct likely to cause a person to reasonably fear specified forms of harm (see Penal Law § 120.50[3]), does not provide sufficient notice where, as here, a defendant lives with the alleged victim, rather than "intruding" on the victim's life. Contrary to defendant's argument, the fact that he was married to and living with his victim did not deprive him of a reasonable opportunity to know that his conduct was prohibited, and there is no danger of arbitrary enforcement in this situation. Nothing in the language or legislative history of the relevant statutes suggests that they would not apply in a domestic abuse setting. Furthermore, the statute does not criminalize any domestic interactions except those reaching the particularized level of seriousness set forth in the statute.
Nor were the counts of the indictment charging course of conduct crimes jurisdictionally defective for failing to give sufficiently specific notice of the alleged criminal conduct. These offenses were continuing crimes (see People v Shack, 86 NY2d 529, 540-541 [1995]), and the allegation that they occurred over a period of 3½ years was permissible (see People v Palmer, 7 AD3d 472 [1st Dept 2004], lv denied 3 NY3d 710 [2004]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The People presented detailed testimony that established all required elements, including, where applicable, course of conduct with a continuity of purpose, physical injury, and threatened use of a firearm.
Regarding the bail jumping conviction, the court providently exercised its discretion [*2]when, after according defendant a sufficient opportunity to be heard, it denied his patently meritless motion to withdraw his guilty plea (see People v Frederick, 45 NY2d 520 [1978]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK