■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC OKONGWU, Appellant. [897 NYS2d 330]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered December 12, 2007. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of rape in the first degree (16 counts), sodomy in the first degree (14 counts), incest (12 counts), sexual abuse in the first degree (16 counts), endangering the welfare of a child (six counts), and harassment (seven counts).

It is hereby ordered that the order so appealed from is unanimously reversed on the law, the motion is granted, the judgment of conviction is vacated and the matter is remitted to Supreme Court, Erie County, for further proceedings on the indictment.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.10 to vacate the judgment convicting him of multiple counts of sexual offenses that occurred in 1991 (*People v Okongwu*, 233 AD2d 841 [1996], *lv denied* 89 NY2d 927 [1996]). In support of his motion, defendant contended that he was denied his right to effective assistance of counsel. We note at the outset that, because defendant relied solely on the federal standard for ineffective assistance of counsel as set forth in *Strickland v Washington* (466 US 668 [1984], *reh denied* 467 US 1267 [1984]) in support of his motion, Supreme Court properly applied that standard in this case (*see People v Wosu*, 55 AD3d 1253, 1254 [2008], *lv denied* 11 NY3d 931 [2009]; *see also People v McDonald*, 1 NY3d 109, 114-115 [2003]).

The court denied defendant's motion following a hearing, concluding that the various omissions by defense counsel were "not outside the wide range of professionally competent assistance, and, if they were, there is not a reasonable probability that, but for these errors, the result of the trial would have been different." We agree with defendant that the court erred in denying his motion.

In support of his motion, defendant challenged defense counsel's representation on three grounds, each of which was raised by a codefendant, Louis Eze, in his federal petition for a writ of habeas corpus (*Eze v Senkowski*, 321 F3d 110, 119-120 [2003]). The Second Circuit Court of Appeals remitted the matter to the District Court for a hearing to afford Eze's trial counsel the opportunity to explain specified acts and omissions. The Second Circuit found that those purported acts and omissions, if unexplained, would constitute constitutionally deficient representation and would likely establish a reasonable prob-

ability that, but for the errors, the result of Eze's trial would have been different (*id.* at 136-138). Following the hearing, the District Court vacated the judgment of conviction against Eze on the ground that he was denied effective assistance of counsel.

The decision of the Federal District Court applying the federal standard and determining that Eze received ineffective assistance of counsel "serve[s] as useful and persuasive authority" (*People v Kin Kan*, 78 NY2d 54, 60 [1991], *rearg denied* 78 NY2d 1008 [1991]), and we afford "great weight" to the determinations of federal courts on federal constitutional issues (*New York R.T. Corp. v City of New York*, 275 NY 258, 265 [1937], *affd* 303 US 573 [1938], *reh denied* 304 US 588 [1938]). We recognize that there are some factual distinctions between the case against defendant and that against Eze, but we conclude that those distinctions do not justify a different result inasmuch as the purported failures of defense counsel and trial counsel for Eze, during their joint trial, are the same.

Both defendant and Eze contended that their attorneys failed to introduce evidence of a 1988 medical examination of one of the victims establishing that the physical findings then were the same as those found during a 1992 examination. That evidence could have nullified any contention that the physical injuries of that victim resulted from the abuse alleged in the indictment. At the hearing on defendant's CPL 440.10 motion, defense counsel testified that he believed that the 1988 records could have been damaging to his client by causing the jury to believe that defendant was the perpetrator of sexual abuse against that victim in 1988. Defense counsel conceded, however, that the court would have permitted introduction of redacted records to avoid any negative inferences against defendant. Thus, in our view, defense counsel failed to "explain[ ] convincingly [that the omission] result[ed] from a sound trial strategy" (*Eze*, 321 F3d at 112).

Both defendant and Eze also complained that their attorneys failed to obtain experts to refute the People's experts and failed to introduce evidence to discredit those experts. Defense counsel admitted that he was the attorney responsible for obtaining experts, and he contended that he tried to contact between 5 and 10 experts but was blocked from contact by the experts' staff. We conclude that defense counsel's explanation is inadequate. Based on the many charges and the evidence that there were other possible causes for the physical evidence of abuse, there is no excuse for such feeble attempts to contact experts. Defense counsel further testified at the hearing that, in his opinion, "juries d[idn't] make decisions based on expert wit-

nesses, particularly [in] these kinds of cases." Again, we conclude that defense counsel's explanation is inadequate. Where, as here, medical evidence is unrefuted, that evidence corroborates a victim's testimony.

Finally, defense counsel indicated that he was unfamiliar with the literature raising doubts about child sexual abuse syndrome (CSAS), and he admitted that he did not cross-examine the People's psychological expert concerning that literature. In his view, the testimony on CSAS was limited to delayed disclosure and inconsistent statements made by victims, neither of which applied to defendant's case. Considering that there were in fact inconsistent statements involving defendant that were made by the children, we cannot conclude that defense counsel's explanation is convincing.

We thus conclude that defense counsel's representation " 'fell below an objective standard of reasonableness' " (*id.* at 123, quoting *Strickland*, 466 US at 688), and our confidence in the outcome of defendant's trial therefore is undermined. In our view, as in *Eze*, " 'there is a reasonable probability that, but for [defense] counsel's unprofessional errors, the result of the proceeding would have been different' " (*id.*, quoting *Strickland*, 466 US at 694). We therefore reverse the order, grant defendant's motion, vacate the judgment of conviction and remit the matter to Supreme Court for further proceedings on the indictment. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.