■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON GROSS, Appellant. (Appeal No. 1.) [913 NYS2d 478]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered April 1, 2009. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, rape in the first degree, attempted sexual abuse in the first degree and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, predatory sexual assault against a child (Penal Law § 130.96), rape in the first degree (§ 130.35 [1]), and attempted sexual abuse in the first degree (§§ 110.00, 130.65 [3]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to present surrebuttal evidence, inasmuch as the proposed evidence would have been "cumulative to, and duplicative of, evidence already presented on defendant's direct case" (*People v Harris*, 98 NY2d 452, 490 [2002]; *see generally* CPL 260.30 [7]). We also reject the contention of defendant that the court abused

its discretion in denying his motion for a mistrial (*see generally People v Ortiz*, 54 NY2d 288, 292 [1981]; *People v Samuels*, 251 AD2d 1038 [1998], *lv denied* 92 NY2d 905 [1998]). Although the court erred in permitting two witnesses to refer to conversations that they each had with the victim about defendant because such testimony violated the court's pretrial ruling excluding prompt outcry testimony (*see generally People v Workman*, 56 AD3d 1155, 1157 [2008], *lv denied* 12 NY3d 789 [2009]), we conclude under the circumstances of this case that the court's curative instruction with respect to that testimony was sufficient to alleviate any prejudice to defendant (*see generally People v Young*, 48 NY2d 995 [1980], *rearg dismissed* 60 NY2d 644 [1983]; *People v Hawkes*, 39 AD3d 1209, 1210 [2007], *lv denied* 9 NY3d 845 [2007]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), and according great deference to the jury's resolution of credibility issues (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), we conclude that the verdict is not against the weight of the evidence (*see generally id.*). We further conclude that the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.