■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON GROSS, Appellant. (Appeal No. 2.) [917 NYS2d 783]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered April 16, 2009. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and endangering the welfare of a child (§ 260.10 [1]). Contrary to the contention of defendant, County Court properly denied his motion to dismiss the indictment on the ground that the time frame alleged therein was unreasonably excessive (*see People v Furlong*, 4 AD3d 839, 840-841 [2004], *lv denied* 2 NY3d 739 [2004]). The time frames alleged in the indictment were sufficiently specific for the crime of course of sexual conduct against a child as well as the continuing crime of endangering the welfare of a child (*see People v Green*, 17 AD3d 1076 [2005], *lv denied* 5 NY3d 789 [2005]; *Furlong*, 4 AD3d at 841). We reject the contention of defendant that the People violated Penal Law § 130.75 (2) by prosecuting him on the course of conduct count and that the count therefore should be dismissed. Pursuant to Penal Law § 130.75 (2), "[a] person may not be *subsequently* prosecuted for any other sexual offense involving the same victim unless the other charged offense occurred outside the time period charged under this section" (emphasis added). Further, Penal Law § 70.25 (2-e) requires that concurrent sentences be imposed "[w]henever a person is convicted of course of sexual conduct against a child in the first degree as defined in section 130.75 . . . and any other crime under article one hundred thirty committed against the same child *and within the period charged* under section 130.75" (emphasis added). Here, although defendant was previously convicted of attempted sexual abuse in the first degree against the same child at issue in this case (*People v Gross*, 79 AD3d 1652 [2010]), evidence underlying that conviction was not offered in support of the People's case against defendant on the course of conduct count in this case. As we have held previously with respect to contemporaneously charged sexual offenses, to interpret Penal Law § 130.75 (2) as prohibiting course of conduct charges based on new allegations where a defendant was previously prosecuted for a crime under Penal Law article

130 against the same child and within the period charged under section 130.75 "would render meaningless the word 'subsequently,' as well as section 70.25 (2-e)" (*People v Vanlare*, 77 AD3d 1313, 1314 [2010]).

Defendant failed to preserve his remaining contentions for our review (CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.