# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**415**

**KA 03-00695**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

RAMON FLORES, DEFENDANT-APPELLANT.

---

ANNA JOST, TONAWANDA, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered March 6, 2003. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree, rape in the first degree (two counts), attempted sodomy in the first degree (two counts) and sodomy in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of attempted sodomy in the first degree under count three of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of one count each of sexual abuse in the first degree (Penal Law § 130.65 [3]) and sodomy in the first degree (former § 130.50 [3]), and two counts each of rape in the first degree (§ 130.35 [3]) and attempted sodomy in the first degree (§ 110.00, former § 130.50 [3]). The evidence presented at trial established that, over the course of a month, defendant subjected a nine-year-old girl to various sexual acts on three separate occasions. Defendant's contention that he was denied his right to due process by preindictment delay is unpreserved for our review (*see People v Peck*, 31 AD3d 1216, *lv denied* 9 NY3d 992). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), particularly in view of the fact that the lack of preservation deprived the People of an opportunity to refute defendant's claims of prejudice and to demonstrate that there were legitimate reasons for the delay.

We reject defendant's further contention that the conviction of sexual abuse in the first degree and rape in the first degree under the first two counts of the indictment must be reversed because the

counts are "multiplicitous."  The two counts are "non-inclusory concurrent counts, and thus both charges and convictions can stand" (*People v Scott*, 12 AD3d 1144, 1145, *lv denied* 4 NY3d 767).  Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of attempted sodomy in the first degree under count three of the indictment because he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] a]), and we agree with defendant that reversal of the conviction of that count is required.  We therefore modify the judgment accordingly.  The victim testified that defendant told her to put her mouth on his penis but that he did not touch her, and she further testified that, when she told him that she would not do so, she merely walked away.  While defendant thereafter physically restrained the victim and had intercourse with her by forcible compulsion, for which he was convicted of rape, the evidence is legally insufficient to establish that defendant came " 'dangerously close' " to committing sodomy (*People v Lamagna*, 30 AD3d 1052, 1053, *lv denied* 7 NY3d 814).  We have considered defendant's remaining contentions concerning the alleged legal insufficiency of the evidence and conclude that they are without merit (*see generally People v Bleakley*, 69 NY2d 490, 495).

     We also reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to hire an expert witness to refute the testimony offered at trial by the People's experts.  Although we recently concluded in *People v Okongwu* (71 AD3d 1393, 1395) that defense counsel was ineffective based in part on the failure to obtain an expert witness, defendant's reliance on that case is misplaced.  Here, in contrast to *Okongwu*, defense counsel effectively cross-examined the People's experts and raised certain areas of possible doubt arising from their testimony.  We thus conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

     We further conclude that defendant was not deprived of a fair trial by prosecutorial misconduct on summation.  Contrary to defendant's contentions, none of the prosecutor's comments denigrated the defense (*see People v Jackson*, 239 AD2d 948, *lv denied* 90 NY2d 940, 942), and defendant was not entitled to his own copy of the videotape of the victim's testimony that was presented to the grand jury, which counsel was afforded an opportunity to view (*see People v Smith*, 289 AD2d 1056, 1058, *lv denied* 98 NY2d 641).  Moreover, having reviewed the video, we conclude that it complies with the mandates of CPL 190.32.  Finally, the sentence is not unduly harsh or severe.

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court