**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**1381**
**KA 10-01039**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID BURGOS, DEFENDANT-APPELLANT.

---

BRUCE R. BRYAN, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered December 22, 2009. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and endangering the welfare of a child (§ 260.10 [1]). By its verdict, the jury found that defendant sexually abused his former girlfriend's daughter from the time the child was 8 years old until she was almost 13 years old. We reject defendant's contention that he was denied effective assistance of counsel based upon, inter alia, defense counsel's failure to call a medical expert to testify regarding the absence of physical evidence of sexual abuse. It is well established that, "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to" call such a witness (*People v Rivera*, 71 NY2d 705, 709), and he failed to do so here. Indeed, given the delay between the last act of abuse and the victim's disclosure, i.e., a period in excess of one year, and given the fact that there was never any vaginal penetration, it was not likely that there would be physical evidence of abuse. We note in any event that defendant relies on *Gersten v Senkowski* (426 F3d 588, *cert denied* 547 US 1191) in support of his contention, but we conclude that his reliance thereon is misplaced. In that case, the petition for a writ of habeas corpus was granted based, in part, upon the failure of petitioner's trial attorney to obtain a medical expert to challenge the testimony of the People's expert that a physical examination of

the victim showed signs of sexual abuse.  Here, unlike in *Gersten*, the People offered no such expert testimony regarding signs of abuse.  We have examined the remaining allegations of ineffective assistance of counsel raised by defendant and conclude that they lack merit (*see generally People v Baldi*, 54 NY2d 137, 147).

We also reject defendant's contention that the People failed in the indictment and superseding indictment to specify the time, date and place of the alleged offenses in an adequate manner.  " 'The text and legislative history of [the crime of course of sexual conduct against a child] make clear that it is a continuing crime to which the usual requirements of specificity with respect to time do not pertain' " (*People v McLoud*, 291 AD2d 867, 868, *lv denied* 98 NY2d 678).  That principle applies equally to the crime of endangering the welfare of a child (*see People v Keindl*, 68 NY2d 410, 421-422, *rearg denied* 69 NY2d 823).  We conclude that the period of time set forth in the superseding indictment "was sufficient to give defendant adequate notice of the charges to enable him to prepare a defense, to ensure that the crimes for which he was tried were in fact the crimes with which he was charged, and 'to protect [his] right not to be twice placed in jeopardy for the same conduct' " (*McLoud*, 291 AD2d at 868; *see Keindl*, 68 NY2d at 416-417).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Although as noted the victim failed to disclose the sexual abuse for over a year, and even assuming that she had a motive to fabricate the charges, her credibility was an issue for the jurors to determine, and we perceive no basis for disturbing their credibility determination (*see People v Massey*, 61 AD3d 1433, *lv denied* 13 NY3d 746).  We also reject defendant's contention that the People misled him concerning a Valentine's Day card sent by him to the victim because their bill of particulars indicated that they did not intend to offer at trial any statements made by defendant.  The People's duty to disclose statements by a defendant extends only to statements made "to a public servant engaged in law enforcement activity or to a person then acting under [the public servant's] direction or in cooperation with him [or her]" (CPL 240.20 [1] [a]).  Statements made by a defendant to persons not acting "in any law enforcement capacity" are not discoverable (*People v Swart*, 273 AD2d 503, 504, *lv denied* 95 NY2d 908).

Contrary to defendant's contention, Supreme Court did not err in admitting evidence regarding the victim's disclosure of the abuse to third parties.  The record establishes both that the evidence was not admitted for its truth, and that the court gave an appropriate limiting instruction to that effect (*see People v Tosca*, 98 NY2d 660; *People v Shivers*, 301 AD2d 473, 473-474, *lv denied* 99 NY2d 658).  We further conclude that the court properly admitted evidence that the victim was in counseling at the time she disclosed the abuse, inasmuch as it provided background information as to how the abuse was ultimately disclosed (*see generally People v Bassett*, 55 AD3d 1434,

1436, *lv denied* 11 NY3d 922).

The sentence is not unduly harsh or severe.  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court