[971 NE2d 856, 948 NYS2d 575]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON FLORES, Appellant.

Argued April 26, 2012; decided June 7, 2012

**APPEARANCES OF COUNSEL**

*Anna Jost,* Tonawanda, for appellant.

*Michael J. Violante, District Attorney,* Lockport (*Thomas H. Brandt* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant Ramon Flores was convicted, following a jury trial, of one count of first-degree sexual abuse, two counts of first-degree rape, two counts of first-degree attempted sodomy and one count of first-degree sodomy. He was subsequently sentenced to 20 years in prison to be followed by five years of postrelease supervision. On appeal, the Appellate Division exercised its interest of justice jurisdiction to reverse that part of the judgment convicting defendant of first-degree attempted sodomy under one of the counts of the indictment, dismissed that count and otherwise affirmed (83 AD3d 1460 [4th Dept 2011]).

Defendant's indictment was based, in part, on the nine-year-old complainant's videotaped testimony for the grand jury. The district attorney provided defendant's trial counsel with a copy of the transcript of the complainant's grand jury testimony, and trial counsel viewed the videotape at the district attorney's offices. Defendant argues that CPL 240.45 and *People v Rosario* (9 NY2d 286 [1961]) obligated the People to provide trial counsel with a copy of the videotape. But trial counsel did not object to the arrangements made by the district attorney for him to view the videotape; nor did he ever request a copy of it. This issue is therefore not preserved for appellate review (*People v Jackson,*

78 NY2d 900 [1991]). We have considered defendant's other arguments and find them to be without merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.