# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

130
KA 09-01581
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENNETH MARTINEZ, JR., DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 1, 2009. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, rape in the second degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), rape in the second degree (§ 130.30 [1]), and two counts of endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see People v Stanley*, 108 AD3d 1129, 1131, *lv denied* 22 NY3d 959). In any event, his contention is without merit. In explaining what the victim had to go through after disclosing the abuse, the prosecutor stated that the victim had spoken with different agencies after she made her initial disclosure, she underwent a genital exam, and she appeared before the grand jury and at trial. Contrary to defendant's contention, the prosecutor did not state that the victim had made prior statements that were consistent with her trial testimony. Moreover, the prosecutor's remarks were a fair response to defense counsel's theory that the victim had fabricated the allegations (*see generally People v Santana*, 55 AD3d 1338, 1339, *lv denied* 12 NY3d 762). Next, the prosecutor's remark about defense counsel's probable response if the victim had been crying on the witness stand was also a fair response to defense counsel's remarks on summation, in which he was critical of the victim's lack of affect when testifying (*see generally People v Spivey*, 305 AD2d 135, 135, *lv denied* 100 NY2d 587). The prosecutor's remarks that there was "no custody battle" and that the victim did not

have a previous genital examination were fair comment on the evidence (*see generally People v McCauley*, 19 AD3d 1130, 1131, *lv denied* 5 NY3d 808).

We reject defendant's contention that he was denied effective assistance of counsel. To the extent that defendant contends that defense counsel was ineffective for failing to object to the prosecutor's remarks during summation, that contention is without merit inasmuch as the prosecutor's comments did not constitute prosecutorial misconduct (*see People v Hill*, 82 AD3d 1715, 1716, *lv denied* 17 NY3d 806). We further conclude that defendant failed to show that an objection to the testimony of the medical expert would have been successful (*see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Viewing the evidence, the law, and the circumstances of this case in totality and at the time of representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's contention that the order of protection should be modified to take into account jail time credit is not preserved for our review (*see People v Hoyt*, 107 AD3d 1426, 1426, *lv denied* 21 NY3d 1042; *see generally People v Nieves*, 2 NY3d 310, 315-317). In any event, that contention is without merit inasmuch as the expiration date of the order of protection could have been significantly longer if Supreme Court had included the period of postrelease supervision when calculating the maximum expiration date of the "determinate sentence of imprisonment actually imposed" (CPL former 530.12 [5] [ii]), as it could have (*see People v Williams*, 19 NY3d 100, 103-104).

Entered: February 7, 2014                          Frances E. Cafarell
                                                   Clerk of the Court