# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

383

KA 13-00670

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GORDON GROSS, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (MELVIN BRESSLER OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Wayne County Court (John B. Nesbitt, J.), dated March 27, 2013. The order denied the motion of defendant pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is affirmed.

Memorandum:  Defendant appeals from an order denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), which we previously affirmed (*People v Gross*, 79 AD3d 1660, *lv denied* 16 NY3d 895).  In support of his motion, defendant contended that he was denied effective assistance of counsel based on defense counsel's failure to object to the testimony of certain non-expert witnesses on the ground that the testimony bolstered the testimony of the victim.  Defendant submitted the affirmation of his present attorney, who stated that, when he spoke to trial counsel, she informed him that she did not have a strategic basis for her failure to object to the testimony or to the prosecutor's reference to the testimony during summation.  County Court determined that the testimony, which did not reveal the nature of the conversation that the victim had with the respective witnesses (*cf. People v Rosario*, 17 NY3d 501, 507-508; *People v McDaniel*, 81 NY2d 10, 14), "was not prejudicial so as to make defense counsel's failure to object tantamount to ineffective assistance of counsel." Prior to the court's decision in this matter, however, we determined in *People v Ludwig* (104 AD3d 1162, 1163, *lv granted* 21 NY3d 1043) that the testimony "to explain how the victim eventually disclosed the abuse and how the investigation started" did not constitute improper bolstering because it was not admitted for its truth and thus that defense counsel's failure to object to the testimony did not constitute ineffective assistance of counsel.  We therefore conclude

that defendant's contention lacks merit.

Although not specifically contended by defendant, our dissenting colleagues conclude that defense counsel was ineffective by failing to object to the testimony of the victim that she reported to her mother at age six that defendant had touched her in a sexual manner; that she reported to her sister at age 14 that defendant had raped her; and that she told a police witness and the grand jury what she told the jury during her testimony. We respectfully disagree with that conclusion. Although the dissent correctly notes that the repetition of prior consistent statements may "give to a jury an exaggerated idea of the probative force of a party's case" (*People v Smith*, 22 NY3d 462, 466), here, the victim's testimony constituted a narrative of events. Indeed, she did not repeat the specific allegations of her testimony, i.e., that defendant had engaged in anal penetration (*cf. People v McNeill*, 107 AD3d 1430, 1431, *lv denied* 22 NY3d 957). In light of defense counsel's opening statement that the relationship between defendant, the victim and the victim's mother was such that it could "cause someone to make fake allegations," the narrative of events was relevant. We also disagree with our dissenting colleagues that defense counsel's failure to object to the prosecutor's remarks during summation referencing that testimony constitutes ineffective assistance of counsel. Because the remarks were a fair response to defense counsel's summation challenging the credibility of the victim and her motivation for making the accusations (*see People v Martinez*, 114 AD3d 1173, 1173), we conclude that the failure of defense counsel to object to those comments does not constitute ineffective assistance of counsel (*see id.* at 1174).

We also reject defendant's contention that defense counsel's failure to consult with a medical expert constitutes ineffective assistance of counsel (*see People v Flores*, 83 AD3d 1460, 1461, *affd* 19 NY3d 881; *People v Burgos*, 90 AD3d 1670, 1670-1671, *lv denied* 19 NY3d 862; *cf. People v Okongwu*, 71 AD3d 1393, 1395-1396). The victim was examined by the prosecution expert nearly four years following the last incident of anal penetration, and the expert testified that the exam was normal. The expert further explained that, although the victim reported occasional bleeding following the incidents of anal penetration, she would not expect to see scarring four years later because the area heals quickly. On cross-examination, the expert confirmed that a normal exam would also be consistent with the examination of a child who had not been subjected to anal penetration. We therefore conclude that trial counsel effectively cross-examined the People's expert and raised an area of possible doubt arising from her testimony (*see Flores*, 83 AD3d at 1461). Defendant's attorney stated in his affirmation that trial counsel explained to him that she did not expect that the prosecution expert, who was not a treating physician but only conducted a forensic examination of the victim, would be permitted to repeat the allegations (*see People v Ballerstein*, 52 AD3d 1192, 1193), and that she did not consult an expert inasmuch as the victim's examination was normal (*cf. Okongwu*, 71 AD3d at 1395). We therefore conclude that defendant failed to establish the lack of a legitimate explanation for trial counsel's failure to call a medical witness (*see Burgos*, 90 AD3d at 1670). We

conclude that trial counsel's explanations for the alleged deficiencies in her representation of defendant did not warrant a hearing on whether defendant was deprived of meaningful representation (*cf. People v Zeh*, 22 NY3d 1144, 1145-1146). We note in addition that, in his affirmation, defendant's attorney provided citations to medical literature, which purportedly explain that there are a variety of physical manifestations that may be detected upon the exam of a child who was subjected to anal penetration and that only a small percentage of children do not have any such physical manifestation. He contends, therefore, that trial counsel was ineffective in failing to consult with, or call as a witness, an expert with respect to those potential physical manifestations of anal penetration. Defendant failed, however, to provide an expert affidavit indicating that those physical manifestations may be present several years following the last incident of abuse (*cf. Gersten v Senkowski*, 426 F3d 588, 599-600, *cert denied* 547 US 1191; *see generally Burgos*, 90 AD3d at 1670-1671).

We conclude that the court properly denied the motion inasmuch as the record establishes that defendant was provided with meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Although we agree with defendant that defense counsel lacked any strategic or reasonable basis for her failure to object when the expert witness repeated the specific allegations that defendant had anally penetrated her (*cf. People v Spicola*, 16 NY3d 441, 451, *cert denied* ___ US ___, 132 S Ct 400; *see generally People v Ortega*, 15 NY3d 610, 618), we nevertheless conclude that the single error in an otherwise competent representation was not so "egregious and prejudicial as to compromise [the] defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152; *cf. People v Turner*, 5 NY3d 476, 480-481). Defense counsel made effective opening and closing statements challenging the motivation and credibility of the victim; effectively cross-examined the prosecution witnesses; and presented the testimony of several witnesses, including defendant, who contradicted specific details of the victim's testimony.

All concur except CARNI and LINDLEY, JJ., who dissent and vote to reverse in accordance with the following Memorandum: We respectfully dissent. In our view, defendant was deprived of his right to effective assistance of counsel as a result of his trial attorney's failure to object to inadmissible testimony regarding numerous prior consistent statements made by the victim. One of the prosecution witnesses who offered inadmissible testimony was a pediatrician who examined the victim at the People's request in October 2008, when the victim was 14 years old and after defendant had been indicted. The pediatrician testified that the victim told her that defendant "anally penetrated" her with his penis when she was six and seven years old. Defendant challenged the admissibility of that testimony on his direct appeal from the judgment of conviction, but we concluded that his contention was not preserved for our review (*People v Gross*, 79 AD3d 1660, 1662, *lv denied* 16 NY3d 895).

In our view, the pediatrician's testimony impermissibly bolstered the victim's trial testimony. The victim's statement to the pediatrician obviously does not constitute a prompt outcry, and the

evidence was not offered by the People to rebut a claim of recent fabrication (*see generally People v Rosario*, 17 NY3d 501, 512-513). Moreover, and contrary to the People's contention, the victim's statements to the pediatrician were not necessary for diagnosis and treatment inasmuch as the pediatrician provided no treatment to the victim (*cf. People v Spicola*, 16 NY3d 441, 451, *cert denied* ___ US ___, 132 S Ct 400).

If defense counsel's failure to object to the pediatrician's testimony on the proper grounds were her only failing, perhaps it could be said that this single error was not so "egregious and prejudicial as to compromise [the] defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152; *see People v Turner*, 5 NY3d 476, 480). But defense counsel also failed to object to (1) the victim's testimony that, when she was five or six years old, she told her mother that defendant was touching her sexually; (2) the victim's testimony that, on May 15, 2008, she told her sister that defendant raped her; (3) the victim's testimony that, while in her principal's office on May 16, 2008, she told a detective the same thing that she told the jury, and that she then showed an investigator the location of the field where the "sexual abuse" occurred; and (4) the victim's testimony that she told the aforementioned pediatrician what happened with defendant, and that the pediatrician then examined her vagina and anus.

It is well settled that "the testimony of a witness may not be corroborated or bolstered by evidence of prior consistent statements made before trial" (*People v McClean*, 69 NY2d 426, 428; *see People v Buie*, 86 NY2d 501, 509-511; *People v McDaniel*, 81 NY2d 10, 16). The reason for the rule against the admission of prior consistent statements is that "an untrustworthy statement is not made more trustworthy by repetition" (*McClean*, 69 NY2d at 428; *see People v Seit*, 86 NY2d 92, 95). As the Court of Appeals has reiterated, "the admission of prior consistent statements may, by simple force of repetition, give to a jury an exaggerated idea of the probative force of a party's case" (*People v Smith*, 22 NY3d 462, 466). As noted, evidence of prior consistent statements alleging sexual abuse may be admitted under the prompt outcry rule or to rebut a claim of recent fabrication (*see Rosario*, 17 NY3d at 512-513), but neither exception to the general rule applies to any of the above testimony, and we can discern no strategic reason for defense counsel's failure to object to the inadmissible evidence.

We note in addition that the victim's prior consistent statements — to her mother, her sister, the police, and the pediatrician — were relied upon heavily by the prosecutor during his summation, without objection by defense counsel. After recounting each prior consistent statement, the prosecutor argued in sum and substance that, because the victim had told so many people on so many occasions that defendant had raped her, she must be telling the truth. It is clear from the summation that the victim's prior consistent statements were used by the People to establish the truth of the matters asserted therein, and not for any ancillary purpose.

We cannot agree with the majority that defendant has not specifically contended on appeal that defense counsel was ineffective for failing to object to the victim's testimony regarding her prior consistent statements.  In the factual portion of his brief, defendant sets forth each instance where the victim testified about consistent statements she made prior to trial, noting that defense counsel did not object to any of the testimony.  In the argument portion of his brief, defendant contends that the "failure of defense counsel to timely object to the repeated bolstering and testimony as to prior consistent statements of the complainant by seven of the eight prosecution witnesses" deprived defendant of his right to effective assistance of counsel.  Defendant then identifies by name the seven prosecution witnesses who provided inadmissible bolstering testimony, and one of those witnesses is the victim.  We thus conclude that the issue whether defense counsel was ineffective for failing to object to the victim's bolstering testimony is properly before us.

We also respectfully disagree with the majority that the prior consistent testimony offered by the victim was admissible because it constituted a narrative of events.  We found no cases that recognize a narrative exception to the rule against the admission of prior consistent statements, and such an exception, if created, would swallow the rule altogether.  Although testimony regarding out of court statements that complete the narrative by "provid[ing] background information" does not constitute inadmissible hearsay on the theory that such testimony is not offered for the truth of the matters asserted (*People v Tosca*, 98 NY2d 660, 661), the testimony at issue here did not complete the narrative; instead, the testimony merely repeated the narrative, which was that defendant sexually molested the victim.

In any event, the motion court, in denying defendant's CPL 440.10 motion, did not rule that the prior consistent statements in question were admissible to explain the narrative of events.  The court determined that any "error was harmless" because the jurors "would expect that a witness alleging to be a victim in a sex abuse case would have made some disclosures prior to trial," and because there may have been a strategic reason for defense counsel's failure to object to the testimony.  Thus, in our view, we cannot affirm the instant order on the ground that the evidence was admissible in the first instance (*see* CPL 470.15 [1]; *People v Concepcion*, 17 NY3d 192, 196; *People v LaFontaine*, 92 NY2d 470, 474).

We would therefore reverse the order denying defendant's CPL 440.10 motion and grant him a new trial.

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court