People v Rojas-Aponte (2024 NY Slip Op 00534)

People v Rojas-aponte

2024 NY Slip Op 00534

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

881 KA 22-00360

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HECTOR ROJAS-APONTE, DEFENDANT-APPELLANT. 

THE RENNIE LAW OFFICE, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 28, 2022. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child (two counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of predatory sexual assault against a child (Penal Law
§ 130.96).
Defendant's contention that he was denied his right to due process by preindictment delay is unpreserved for our review (see People v Flores, 83 AD3d 1460, 1460 [4th Dept 2011], affd 19 NY3d 881 [2012]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice, particularly in view of the fact that the lack of preservation deprived the People of an opportunity to refute defendant's claims of prejudice or to demonstrate that there were legitimate reasons for the delay (see CPL 470.15 [6] [a]; Flores, 83 AD3d at 1460; People v Johnson, 305 AD2d 1097, 1097 [4th Dept 2003]).
Defendant further contends that the evidence is legally insufficient to support the conviction. We reject that contention. The testimony of the witnesses established each element of the offenses submitted to the jury, and the witnesses' testimony "was not incredible as a matter of law" (People v Streeter, 166 AD3d 1509, 1509 [4th Dept 2018], lv denied 82 NY3d 1210 [2019] [internal quotation marks omitted]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
With respect to defendant's contention that he was denied effective assistance of counsel, we conclude that, under the circumstances presented on this record, defendant has "failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings" (People v Dickeson, 84 AD3d 1743, 1743 [4th Dept 2011], lv denied 19 NY3d 972 [2012]). Indeed, viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude on the record before us that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]). To the extent that defendant's claim of ineffective assistance of counsel is based on matters outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim (see generally People v Parnell, 221 AD3d 1437, 1438 [4th Dept 2023]).
Defendant further contends that County Court erred in denying his motion to strike the People's certificate of compliance as untimely and to dismiss the indictment pursuant to CPL [*2]30.30. In support of the motion, defendant asserted that the People's failure to turn over disciplinary records concerning the law enforcement witness who later testified at trial rendered the People's certificate of compliance invalid (see CPL 245.20 [1] [k] [iv]; see generally CPL 245.50 [1]) and that, therefore, the People's statement of readiness was also invalid (see CPL 245.50 [3]). Before the People filed a response to the motion, the court issued a letter decision in which it denied the motion, concluding that "the People's method of reviewing [law enforcement] disciplinary records (i.e., having a group of assistant district attorneys review all records prior to dissemination) is not in any way improper," and thus that there was no basis for concluding that the People failed to comply with their discovery obligations or that the certificate of compliance was invalid.
We agree with defendant that the court erred in denying his motion to strike and to dismiss on the ground that the People's method of review of law enforcement disciplinary records fulfilled their obligation under CPL 245.20 (1) (k) (iv). As relevant here, CPL 245.20 (1) (k) (iv) requires the People to automatically disclose to defendant "all items and information that relate to the subject matter of the case . . . , including but not limited to . . . [a]ll evidence and information . . . that tends to . . . impeach the credibility of a testifying prosecution witness." The statute does not authorize the use of a screening panel to decide what evidence and information should be disclosed, or to otherwise act as a substitute for the disclosure of the required material. Thus, we conclude that the court erred in denying defendant's motion on that basis. As noted above, however, the court decided defendant's motion before the People submitted a response. Morever, the court, in deciding the motion, did not consider the People's previously announced compliance with CPL article 245 as expressed in their papers responding to defendant's prior omnibus motion, i.e., that "[a]ll materials that may qualify as exculpatory or impeachment material [have] been previously provided via electronic discovery as outlined in the [c]ertificate of [c]ompliance." Inasmuch as the court did not allow the People an opportunity to respond to defendant's motion and did not address the issue whether the People complied with their obligations under CPL 245.20 (1) (k) (iv) by producing the evidence and information required under that statute, including with respect to any law enforcement disciplinary records constituting impeachment material, we hold the case, reserve decision, and remit the matter to County Court to afford the People an opportunity to file a response to the motion, and to then determine the motion by ruling on the abovementioned outstanding issue (see generally People v Session, 206 AD3d 1678, 1682 [4th Dept 2022]; People v Kniffin, 176 AD3d 1601, 1601-1602 [4th Dept 2019]; People v Ballowe, 173 AD3d 1666, 1668 [4th Dept 2019]), including "whether the prosecution . . . 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (People v Bay, — NY3d &mdash, &mdash, 2023 NY Slip Op 06407, *2 [2023]).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court